IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAYA NYE, et al.,

           Plaintiffs,

v.                                 CIVIL ACTION NO. 2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

           Defendant.

**ORDER**

On February 10, 2011 at 2:00 p.m., the plaintiffs appeared by counsel at a hearing in support of their Motion for a Temporary Restraining Order [Docket 2] pursuant to Federal Rule of Civil Procedure 65. The defendants have filed a response to the Motion, and appeared by counsel at the hearing.

First, having only considered the limited record currently before the court, and oral argument of counsel, I **FIND** that the plaintiffs are likely to succeed on the merits. Based on my initial review of the West Virginia cases, it is clear that the Supreme Court of Appeals of West Virgina has described the law of nuisance as "flexible" and "adaptable to a wide variety of factual situations." *Sharon Steel Corp. v. City of Fairmont,* 380 S.E. 2d 198 (W. Va. 1985). In addition, the Supreme Court has acknowledged the "authority for courts to enjoin prospective or anticipatory nuisance." *Duff v. Morgantown Energy Associates,* 421 S.E. 2d 253 (W. Va. 1992).

Second, given the limited record, including limited evidence of the defendant's history of safety violations, misrepresentations to the public, and multiple accidents and chemical leaks, and

in light of the fact that the court has not had the opportunity to conduct a preliminary injunction evidentiary hearing, I **FIND** that the plaintiffs are likely to suffer irreparable harm in the absence of this temporary relief.

Third, I **FIND** that the balance of equities tips in the favor of the plaintiffs, given the catastrophic dangers presented by the production of MIC compared with the potential for economic damages alleged by the defendant.

Finally, I **FIND** that this short term, temporary restraining order is in the public interest.

For the foregoing reasons, the court **ORDERS** that the defendant, Bayer CropScience, L.P., and its officers, agents, servants, and employees, and any other person in active concert or participation with the defendant be, and hereby are **ENJOINED** and **RESTRAINED** from resuming or engaging in the production of methyl isocyanate at its chemical plant in Institute, West Virginia. The court **ENJOINS** and **RESTRAINS** the parties referenced above from participating or engaging in any part of the manufacture of methyl isocyanate.

The court further **ORDERS** that this temporary restraining order is conditioned upon the plaintiffs' posting of a bond or other security in the sum of $10,000.00 pursuant to Federal Rule of Civil Procedure 65(c). This Order will not take effect until the bond or other security is posted.

This temporary restraining order issued at **3:15 p.m. this day of February 10, 2011**, and will expire in fourteen days, unless within such time the order is extended for good cause shown, or unless defendant consents to an extension.

The court **ORDERS** that any motion for preliminary injunction, accompanied by supporting memorandum of law, be filed by 5:00 p.m. on February 14, 2011, any responses be filed by 5:00 p.m. on February 18, 2011, and any replies be filed by 5:00 p.m. on February 21, 2011. If any such

motion is filed, the court will conduct an evidentiary hearing on February 25, 2011, at 9:00 a.m. in order to determine whether entry of a preliminary injunction is appropriate. Any such hearing will continue from day to day until completed, including Saturdays.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     February 10, 2011

Joseph R. Goodwin, Chief Judge