IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAYA NYE, et al.,

          Plaintiffs,

v.                                          CIVIL ACTION NO.  2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

          Defendant.

**ORDER**

Pending before the court is the defendant's "Emergency Motion for Clarification of and Relief from Temporary Restraining Order and Request That the Motion Be Decided at the Earliest Possible Time" [Docket 24].

The defendant's Motion is puzzling at best.  The court made every effort to use clear and simple language in its Temporary Restraining Order (TRO), which states

> that the defendant, Bayer CropScience, L.P., and its officers, agents, servants, and employees, and any other person in active concert or participation with the defendant be, and hereby are **ENJOINED** and **RESTRAINED** from resuming or engaging in the production of methyl isocyanate at its chemical plant in Institute, West Virginia. The court **ENJOINS** and **RESTRAINS** the parties referenced above from participating or engaging in any part of the manufacture of methyl isocyanate [MIC].

(Ord. [Docket 16], at 2.)  The defendant's Motion states that the activities it wishes to continue do "**not in any way involve starting any part or parts of the MIC process for production and**

**would not create even a single molecule of MIC.**" (Emergency Mot. Clarification and Relief from Temp. Restraining Ord., at 3.)

The relevant definition of 'manufacture' is "[t]o make or process (a raw material) into a finished product, esp. by a large-scale industrial operation." Webster's II New College Dictionary 667 (1995). The definition of 'produce' is "[t]o bring forth. . .[t]o create by physical or mental effort. . .[t]o manufacture. . ." *Id.*, at 882. Based on the ordinary meaning of the words used, the court's TRO only reaches "production" and "manufacture" of MIC.

The court finds it remarkable that the defendant has yet to complete a wide array of safety measures, in light of the announcement in open court that but for the TRO, MIC would have been produced within seven days at the Institute facility. Indeed, the defendant's counsel indicated that Bayer was "in the process of startup right now," and that Bayer was "commissioning equipment." The incomplete safety measures include operator training, writing of standard operating procedures, and the installation of lighting and safety showers. Nonetheless, as long as the defendant does not engage in activities that "in any way involve starting any part or parts of the MIC process for production," (Emergency Mot., at 3.) it will not, by definition, be "resuming or engaging in the production of methyl isocyanate" or "participating or engaging in any part of the manufacture of methyl isocyanate" (Ord., at 2.).

The Motion for Relief from the Temporary Restraining Order is hereby **DENIED**. The Motion for Clarification is hereby **GRANTED**, to the extent explained herein. Nothing in this Order, or the court's Temporary Restraining Order, should be construed as authorizing any otherwise unlawful or ultrahazardous action or inaction.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 13, 2011

_____
Joseph R. Goodwin, Chief Judge