IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISRICT OF WEST VIRGINIA
CHARLESTON

MAYA NYE, et al.

        Plaintiffs,

v.                                               Case No. 2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

        Defendant.


## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

### I.    DISCOVERY PHASE

A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**"; or "**CONFIDENTIAL BUSINESS INFORMATION**"; and/or with any other words having a similar meaning, connotation, or effect.

B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect), the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the

{C1978464.1}                          1

party or attorney challenging the "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) designation shall do so by filing an appropriate motion.

C.      No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect), or the contents thereof, except in accordance with this Protective Order.  Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.      Any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect), or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect), or the contents thereof, at any discovery deposition taken in this action.

E.      If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect), or the contents thereof, to any person actively engaged in working on this action (e.g. expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1.      Provide a copy of this Protective Order to the person to whom disclosure is made;

2.    Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3.    Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4.    Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) material;

5.    Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) materials which were disclosed to that person; and

6.    At the conclusion of the action, gather the "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

## II.    POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" or "**CONFIDENTIAL BUSINESS INFORMATION**" (and/or with any other words having a similar meaning, connotation, or effect) marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may

{C1978464.1}                                   3

present the issue to the court for resolution.  The proponent of continued confidentiality will have

the burden of persuasion that the document or material should be withheld from the public record

in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the *Administrative Procedures for*

*Electronic Filing in the Southern District of West Virginia* § 12, and (c) controlling precedent.

*See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State*

*Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

        Entered this _____ day of _____, 2011.

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge


SUBMITTED BY:

/s/ William V. DePaulo
William V. DePaulo, Esquire (WVSB #995)
william.depaulo@gmail.com
179 Summers Street, Suite 232
Charleston, WV 25301
(304) 342-5588 (telephone)
(304) 342-5588 (facsimile)
*Counsel for Plaintiffs*

/s/ A.L. Emch
A.L. Emch (WVSB #1125)
aemch@jacksonkelly.com
Michael M. Fisher, Esquire (WVSB # 4353)
Thomas J. Hurney, Esquire (WVSB # 1833)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25332
(304) 340-1000 (telephone)
(304) 340-1050 (facsimile)
*Counsel for Defendant*