IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAYA NYE, et al.,

        Plaintiffs,

v.                                                                                          CIVIL ACTION NO. 2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

        Defendant.

**ORDER**

**I.     Appointment of Expert**

At the court's request, the parties jointly submitted to the court nominations of expert witnesses to be appointed pursuant to Federal Rule of Evidence 706. After careful review, and with the consent of the expert, the court accepts the parties' jointly submitted nominee, and does hereby **APPOINT** Dr. M. Sam Mannan, PE, CSP, to serve as a court-appointed expert in the instant matter.

    **a.     Expert's Duties**

Dr. Mannan shall, before **March 14, 2011**:

        1.     Physically inspect those portions of the Bayer CropScience (Bayer) facility in Institute, West Virginia that he deems relevant to this matter;

2. Physically inspect the documents and electronically stored information that he deems relevant to this matter; and

3. Perform any other necessary inspection or investigation he deems necessary to:

   A. Assess the process safety of the manufacture, storage, and transport of methyl isocyanate (MIC) unit at the Bayer facility; and

   B. Assess the probabilistic risk of a catastrophic incident involving MIC at the Bayer facility.

By **March 14, 2011**, Dr. Mannan shall make available to the court and the parties a full written report of the results of his investigation. This report should contain the foundation for the expert's findings, and an assessment of (1) the process safety of the manufacture, storage, and transport of MIC at the Bayer facility, and (2) the probabilistic risk of a catastrophic incident involving MIC at the Bayer facility.

Any party may take the deposition of Dr. Mannan, and Dr. Mannan shall make himself available the week of March 14, 2011 to testify at one or more depositions in Charleston, West Virginia. Of course, any party may inquire as to any contact or conversation Dr. Mannan has had with employees of the defendant corporation or with the plaintiffs and may also examine him about the documents he has reviewed in the course of his investigation. Finally, Dr. Mannan shall make himself available to testify at a public hearing on this matter in Charleston, West Virginia, beginning on **March 21, 2011**, and continuing from day to day until completed. Dr. Mannan will be subject to cross-examination by each party.

The court commends the parties' willingness to work together to provide the court with the best possible evidentiary record in advance of the hearing.

b.  **Parties' Duties**

Bayer shall immediately provide to Dr. Mannan the contact information of a person who will serve as his single point of contact. That person will be responsible for the production of documents requested by Dr. Mannan and for arranging for Dr. Mannan's access to the facility as requested, and for arranging contact with the persons at the plant that Dr. Mannan deems necessary to interview regarding this matter.

Bayer shall also provide to Dr. Mannan, at the earliest possible point, by overnight mail, those documents Dr. Mannan deems necessary to carry out the court's directions. These shall include, but are not limited to, both internal and third-party documents relating to the August, 2008 incident at the Institute facility. Any disputes about the production of these documents shall be brought to the attention of Magistrate Judge Stanley immediately by electronic mail, at mary_stanley@wvsd.uscourts.gov, with copies to all counsel.

Dr. Mannan shall have access to those areas of the facility he deems necessary to carry out the court's directions. This includes, but is not limited to, those areas where MIC is or is planned to be produced, stored, or transported, and any area of the plant associated in any way with the planned production, storage, or transport of MIC.

Dr. Mannan shall have access to a knowledgeable person at the plant who is tasked with the implementation of safety measures, and who can expeditiously respond to Dr. Mannan's inquiries, or, if that person cannot effectively respond, can arrange his contact with the appropriate persons who can do so.

The court will provide to Dr. Mannan a copy of the public docket in this matter, including all pleadings, motions, and exhibits heretofore filed.

**c.     Communication with the Court and the Parties**

The parties shall take care to avoid unsolicited communications with Dr. Mannan. If Dr. Mannan wishes to communicate with the court, he should do so by electronic mail to emma_case@wvsd.uscourts.gov, with copies to all counsel. The court will similarly include the parties in any communications with Dr. Mannan.

**c.     Compensation**

The court has reviewed Dr. Mannan's hourly rates and estimates for this matter, and, finding them reasonable, directs that Dr. Mannan submit to the court for inspection a final bill, including all costs and expenses incurred, by **April 15, 2011**. Dr. Mannan may, at his discretion, provide to the court bills as incurred over the course of his engagement.

**II.     Extension of Temporary Restraining Order & Schedule**

Finally, pursuant to Federal Rule of Civil Procedure 65(b)(2), in light of the defendant's agreement to the same, and in order to allow for the development of an appropriate evidentiary record, the temporary restraining order is hereby extended until **March 28, 2011 at 5:00 p.m.**, and remains secured by the bond previously posted. An evidentiary hearing on the plaintiffs' Motion for Preliminary Injunction will be held at **9:00 a.m. on March 21, 2011**, and continue from day to day until completed.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to send, via overnight Federal Express,

a copy of the public docket in this matter to Dr. Mannan, including all pleadings, motions, and exhibits heretofore filed, at the following address:

>Dr. M. Sam Mannan, PE, CSP
>Chemical Engineering Department
>200 Jack E Brown Engineering Building
>Texas A&M University
>College Station, Texas 77843-3122

ENTER: February 23, 2011

_____
Joseph R. Goodwin, Chief Judge