UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

Maya Nye, et al.

v.                                        Civil Action No. 2:11-cv-00087
                                          (Judge Joseph R. Goodwin)

Bayer Cropscience, L.P.

NON-PARTY OBJECTION
AND MOTION TO QUASH SUBPOENAS

        Come now Randy Huffman, Cabinet Secretary of the West Virginia Department

of Environmental Protection ["Secretary Huffman"], and Pam Nixon, employee of the West

Virginia Department of Environmental Protection ["DEP"] [collectively referred to as

"Movants"], by counsel, pursuant to the provisions of Rule 45(c) of the Federal Rules of Civil

Procedure, and object and move to quash subpoenas served upon them by plaintiffs in the above-

referenced action.  Copies of the subject subpoenas are attached hereto and made a part hereof as

"Motion Exhibit A."

        This Motion is made upon the following grounds:

        1.      The subpoenas require Movants to appear and testify in a hearing before

this Court on March 23, 2011 at 9:00 a.m. [hereinafter "Bayer Hearing"].  The subpoenas further

direct Movants to bring "any documents pertaining to W VA DEP's implementation of

recommendations in US Chemical Safety Board's Jan 20, 2011 Report."

2.      Neither subpoena was accompanied by payment of Movants' attendance fee or mileage, as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure.

3.      Plaintiffs' counsel was advised on at least four occasions (being February 17, 18, 23, and March 8, 2011), that Movant Pam Nixon has no information or documents pertaining to the subject identified and has not agreed to serve as an expert witness in this case. This is further evidenced by the "Affidavit of Pam Nixon" attached hereto and made a part hereof as "Motion Exhibit B."

4.      Despite being so informed, plaintiffs' counsel refuses to excuse Movant Pam Nixon from the subpoena served upon her for a previous hearing and, in fact, served her with a second, identical subpoena for the rescheduled Bayer Hearing.

5.      As evidenced by the "Affidavit of Randy Huffman," attached hereto and made a part hereof as "Motion Exhibit C," Secretary Huffman's involvement with the subject of the subpoenas has been limited to receipt of a letter from the U. S. Chemical Safety and Hazard Investigation Board ["CSB"] dated February 4, 2011, and his response thereto dated February 22, 2011.  Secretary Huffman's response advises the CSB that he named H. Michael Dorsey, DEP Chief of Homeland Security and Emergency Response, as the agency's designee in working with the Kanawha-Charleston Health Department on the prevention program recommended by the CSB.

6.      In light of Secretary Huffman's lack of personal knowledge regarding the subject, and his designation of DEP employee H. Michael Dorsey as the agency's designee for the prevention program, insisting on the appearance of Secretary Huffman to testify in the upcoming hearing in this matter would not assist this Court or the parties and would present undue burden for Secretary Huffman.

7.     The DEP is willing to produce H. Michael Dorsey as a witness, in lieu of Movants' appearance, at the Bayer Hearing on March 23, 2011.  Mr. Dorsey will additionally produce any documents responsive to the subpoenas served upon Movants.

8.     Movants seek their attorney fees incurred in connection with quashing the subpoena served upon them.  Such an award is contemplated by Rule 45(c)(1) and is appropriate due to the failure of plaintiffs' counsel to communicate with Movants' counsel regarding the subpoenas and to take reasonable steps to avoid unnecessarily burdening Movants with subpoena compliance.  In the event Movants are granted their attorney fees, Movants' counsel will submit an itemization of the time and expense incurred.

9.     For such other reasons to be later assigned and for those this Court may deem appropriate.

WHEREFORE, Movants Secretary Huffman and Pam Nixon respectfully request this Court to quash the subpoenas served upon them by plaintiffs' counsel, permit the substitution of DEP employee H. Michael Dorsey to appear and testify in their stead at the Bayer Hearing, and award Movants' their reasonable attorney fees.

RANDY HUFFMAN and PAM NIXON,

By Counsel:

Judith P. Thomas, Chief
Office of Legal Services
WV Department of Environmental Protection
601 57th Street, S.E.
Charleston, WV  25302
WV State Bar #3735
304.926.0499 x1542

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of West Virginia

| | | |
|---|---|---|
| MAYA NYE, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:11-cv-00087 |
| BAYER CROPSCIENCE, L.P. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: RANDY HUFFMAN

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: UNITED STATES DISTRICT COURT<br>300 VIRGINIA STREET, EAST  CHARLESTON, WV | Courtroom No.: CEREMONIAL COURTRM, FL 7 |
| | Date and Time: 03/23/2011 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
ANY DOCUMENTS PERTAINING TO W VA DEP'S IMPLEMENTATION OF RECOMMENDATIONS IN US CHEMICAL SAFETY BOARD'S JAN 20, 2011 REPORT, WHERE "PERTAINING TO" MEANS REFERENCING, SUMMARIZING, COMMENTING ON, DISCUSSING, RECORDING, ALLUDING TO, PARAPHRASING, CONTAINING, CONSISTING OF, MEMORIALIZING, COPYING, RESPONDING TO, SHOWING, DISCLOSING, EXPLAINING, MENTIONING, ANALYZING, CONSTITUTING, COMPRISING, EVIDENCING, SETTING FORTH, OR CHARACTERIZING.

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/10/11

                     *CLERK OF COURT*

                                OR      WV DePaulo

            *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    MAYA NYE, et al.
                               , who issues or requests this subpoena, are:

William V. DePaulo, Esq. #995, 179 Summers Street, Suite 232, Charleston, WV 25301, Tel 304-342-5588, Fax 304-342-5505, email: william.depaulo@gmail.com

## MOTION EXHIBIT A

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88  (Rev. 07/10)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of West Virginia

| | | |
|---|---|---|
| MAYA NYE, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:11-cv-00087 |
| BAYER CROPSCIENCE, L.P. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  PAM NIXON

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | UNITED STATES DISTRICT COURT 300 VIRGINIA STREET, EAST  CHARLESTON, WV | Courtroom No.: CEREMONIAL COURTRM, FL 7 |
|---|---|---|
| | | Date and Time: 03/23/2011 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
ANY DOCUMENTS PERTAINING TO W VA DEP'S IMPLEMENTATION OF RECOMMENDATIONS IN US CHEMICAL SAFETY BOARD'S JAN 20, 2011 REPORT, WHERE "PERTAINING TO" MEANS REFERENCING, SUMMARIZING, COMMENTING ON, DISCUSSING, RECORDING, ALLUDING TO, PARAPHRASING, CONTAINING, CONSISTING OF, MEMORIALIZING, COPYING, RESPONDING TO, SHOWING, DISCLOSING, EXPLAINING, MENTIONING, ANALYZING, CONSTITUTING, COMPRISING, EVIDENCING, SETTING FORTH, OR CHARACTERIZING.

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  *March 10, 2011*

                                                *CLERK OF COURT*

                                                   OR

|  |  |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     MAYA NYE, et al.
_____ , who issues or requests this subpoena, are:
William V. DePaulo, Esq. #995, 179 Summers Street, Suite 232, Charleston, WV 25301, Tel 304-342-5588, Fax 304-342-5505, email: william.depaulo@gmail.com

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**Maya Nye, et al.**

**v.**                                    **Civil Action No. 2:11-cv-00087**
                                          **(Judge Joseph R. Goodwin)**

**Bayer Cropscience, L.P.**

### AFFIDAVIT OF PAM NIXON

I, Pam Nixon, being first duly sworn, state as follows:

1.      I am over the age of 18 and am competent to make this Affidavit.

2.      I am employed by the West Virginia Department of Environmental Protection ["DEP"] as an Environmental Advocate. I have been in this position since November, 1998.

3.      My role as an Environmental Advocate is to serve as a liason between the DEP and the citizens of West Virginia.

4.      I was served with a subpoena by plaintiffs' counsel in the referenced case directing me to testify and produce documents pertaining to the DEP's implementation of recommendations made by the United States Chemical Safety Board in its report dated January 20, 2011.

5.      I have no knowledge or documents pertaining to the subject set forth in paragraph 4 above.

MOTION EXHIBIT B

6.      As an Environmental Advocate, I have not been requested or directed by my employer or any other person to participate in any manner with the DEP's implementation of such recommendations.

7.      Upon information and belief, plaintiffs' counsel desires for me to provide my opinion about the DEP's implementation of such recommendations.

8.      I have not been retained as an expert witness by any party to this proceeding and have no intention of serving as an expert witness in this proceeding.

9.      And further this affiant saith not.


PAM NIXON


Taken, subscribed and sworn to before me this ⏢11th⏢ day of March, 2011.

My commission expires: January 2, 2016

NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
TAMRA L. MOWRER
WV DIVISION OF AIR QUALITY
601 57th STREET, SE
CHARLESTON, WV 25304
My commission expires January 2, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

Maya Nye, et al.

v.

Civil Action No. 2:11-cv-00087
(Judge Joseph R. Goodwin)

Bayer Cropscience, L.P.

## AFFIDAVIT OF RANDY HUFFMAN

I, Randy Huffman, being first duly sworn, state as follows:

1.     I am over the age of 18 and am competent to make this Affidavit.

2.     I am Cabinet Secretary for the West Virginia Department of Environmental Protection ["DEP"].

3.     I was served with a subpoena by plaintiffs' counsel in the referenced case directing me to appear at a hearing in the referenced case on March 23, 2011 to testify and produce documents pertaining to the DEP's implementation of recommendations made by the United States Chemical Safety Board ["CSB"] in its report dated January 20, 2011.

4.     I have no personal knowledge or documents pertaining to the subject set forth in paragraph 4 above, other than a letter to me from the CSB received February 8, 2011, and my responsive letter to the CSB dated February 22, 2011.  Copies of these letters are attached hereto and made a part hereof as "Affidavit Exhibit A."

MOTION EXHIBIT C

5.      I named H. Michael Dorsey, Chief of DEP Homeland Security and Emergency Response as the agency's designee in implementing the recommendation of the CSB in its report dated January 20, 2011.

6.      I have further requested H. Michael Dorsey to appear at the hearing before this Court on March 23, 2011, and provide factual testimony regarding the status of the DEP's implementation of the CSB's recommendation.

7.      And further this affiant saith not.


RANDY HUFFMAN


Taken, subscribed and sworn to before me this ____ day of March, 2011.

My commission expires: _____

NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
SHANNON L. EGNOR
WV DEPT. OF ENVIRONMENTAL PROTECTION
601  57th STREET S.E.
CHARLESTON, WV 25304
My commission expires Sept. 29, 2013

**U.S. Chemical Safety and
Hazard Investigation Board**

2175 K Street, NW • Suite 650 • Washington, DC 20037-1809
Phone: (202) 261-7600 • Fax: (202) 261-7650
www.csb.gov

Hon. Rafael Moure-Eraso
Chairperson

Hon. John S. Bresland
Board Member

Hon. Mark Griffon
Board Member

Hon. William B. Wark
Board Member

Hon. William E. Wright
Board Member



FEB  4 2011

In reply, please refer to:
**2008-08-I-WV- R7**

Randy Huffman
Cabinet Secretary
West Virginia Department of Environmental Protection
601 57th Street SE
Charleston, WV 25304

RECEIVED
FEB - 8 2011
WV DEPARTMENT OF ENVIRONMENTAL PROTECTION
EXECUTIVE OFFICE

Dear Mr. Huffman:

On January 20, 2011, the U.S. Chemical Safety and Hazard Investigation Board (CSB) issued its investigation report on the August 28, 2008 explosion at the Bayer CropScience (BCS) facility in Institute, West Virginia. On that date, a runaway chemical reaction occurred inside a residue treater containing the pesticide methomyl, causing the pressure vessel to overpressurize and catastrophically rupture during an attempted restart of a pesticide manufacturing unit. Highly flammable solvent sprayed from the ruptured vessel and immediately ignited, resulting in an intense fire. Two Bayer employees died, one from injuries sustained as a result of the vessel rupture and one from burns received from the fire. In addition, two contract workers and six volunteer firefighters were medically treated for possible toxic chemical exposure. More than 40,000 residents were advised by fire officials to shelter-in-place for more than three hours as a precaution.

As part of its investigation, the CSB evaluated regulatory oversight of high hazard chemical facilities in the Kanawha Valley. The CSB noted that despite the presence of many facilities that handle large quantities of hazardous materials, some of which are acutely toxic, comprehensive OSHA and EPA safety inspections have been historically infrequent. While some state and local governments with similarly high concentrations of these facilities have developed programs to audit and inspect them on a regular basis; neither the state of West Virginia nor any local government agency currently has developed such a program.

AFFIDAVIT EXHIBIT A

**U.S. Chemical Safety and**
**Hazard Investigation Board**

Based on the findings of the investigation, the Board voted on January 20, 2011 to recommend the following to the West Virginia Department of Environmental Protection:

*Work with the Director of the Kanawha-Charleston Health Department to ensure the successful planning, fee collection, and implementation of the Hazardous Chemical Release Prevention Program as described in Recommendation 2008-08-I-WV-R6[1], including the provision of services to all eligible facilities in the State.*
**(Recommendation No. 2008-08-I-WV-R7)**

The CSB has also recommended that West Virginia Department of Health and Human Services work with the Kanawha-Charleston Health Department in a similar manner. A more detailed rationale for this recommendation and all recommendations issued pursuant to this investigation can be found in the enclosed investigation report, which is also available on our website (www.csb.gov).

The CSB assigns a status to its recommendations depending on the action(s) proposed and taken by recipients. Briefly, the status designates recommendation(s) as either open or closed. The status may also include a special designation for instances when the Board concludes that a recipient not only meets but exceeds the proposed action(s). The status of all recommendations is posted on the CSB website (www.csb.gov), where more information on the Recommendations process is also available (see "Frequently Asked Questions" under the Recommendations tab on the webpage).

The Board would appreciate a response regarding the actions your department has taken (or is contemplating taking) concerning this recommendation within **60 days** of receipt of this letter. In order to close a recommendation, the CSB requires evidence of actions taken. Therefore, upon review of your initial response, Mr. Mark Kaszniak, CSB Senior Chemical Safety Recommendations Specialist, will need to be in touch with you to obtain adequate documentation that this recommendation has been implemented. In your reply, kindly indicate the person on your staff who can serve as your point of contact.

The CSB is an independent and scientific Federal agency authorized by section 112(r)(6) of the Clean Air Act, 42 U.S.C. §7412. The CSB's mission is to ensure the safety of workers and the public by preventing or minimizing the effects of chemical incidents. The Board is responsible for determining the root and contributing causes of incidents, issuing safety recommendations, studying chemical safety issues, and evaluating the effectiveness of other government agencies involved with chemical safety. Congress modeled the CSB after the

---

[1] Please review enclosure for the full text of this recommendation.

**U.S. Chemical Safety and**
**Hazard Investigation Board**

National Transportation Safety Board, which investigates aircraft and other
transportation accidents for the purpose of improving safety.

If you have any questions or need further information, please have your staff
contact Mr. Kaszniak at (202) 261-7654, or via e-mail at
mark.kaszniak@csb.gov. In all future correspondence pertaining to this
recommendation, please refer to recommendation number **2008-08-I-WV-R7** and
copy Mr. Kaszniak.

Sincerely,

Rafael Moure-Eraso, PhD, CIH
Chairperson and CEO

cc:    Dr. Manuel Gomez, Director of Recommendations, CSB
       Mr. John Vorderbrueggen, Investigation Supervisor, CSB
       Mr. Mark Kaszniak, Senior Chemical Safety Recommendations Specialist, CSB

Enclosures:  CSB Recommendation No. 2008-08-I-WV-R6
             CSB Bayer Final Investigation Report

**U.S. Chemical Safety and
Hazard Investigation Board**

## CSB Recommendation No. 2008-08-I-WV-R6

*Establish a Hazardous Chemical Release Prevention Program to enhance the prevention of
accidental releases of highly hazardous chemicals, and optimize responses in the event of their
occurrence. In establishing the program, study and evaluate the possible applicability of the
experience of similar programs in the country, such as those summarized in Section 5.3 of the
CSB report. As a minimum:*

a.  *Ensure that the new program:*
   1. *Implements an effective system of independent oversight and other services to
      enhance the prevention of accidental releases of highly hazardous chemicals*
   2. *Facilitates the collaboration of multiple stakeholders in achieving common goals of
      chemical safety; and,*
   3. *Increases the confidence of the community, the workforce, and the local authorities in
      the ability of the facility owners to prevent and respond to accidental releases of
      highly hazardous chemicals.*

b.  *Define the characteristics of chemical facilities that would be covered by the new
    Program, such as the hazards and potential risks of their chemicals and processes, their
    quantities, and similar relevant factors;*

c.  *Ensure that covered facilities develop, implement, and submit for review and approval:*
   1. *Applicable hazard and process information and evaluations.*
   2. *Written safety plans with appropriate descriptions of hazard controls, safety culture
      and human factors programs with employee participation, and consideration of the
      adoption of inherently safer systems to reduce risks*
   3. *Emergency response plans; and,*
   4. *Performance indicators addressing the prevention of incidents and chemical
      incidents.*

d.  *Ensure that the program has the right to evaluate the documents submitted by the
    covered facilities, and to require modifications, as necessary*

e.  *Ensure that the program has right-of-entry to covered facilities, and access to requisite
    information to conduct periodic audits of safety systems and investigations of chemical
    releases;*

f.  *Establish a system of fees assessed on covered facilities sufficient to cover the oversight
    and related services to be provided to the facilities including necessary technical and
    administrative personnel; and,*

g.  *Consistent with applicable law, ensure that the program provides reasonable public
    participation with the program staff in review of facility programs and access to:*
   1. *The materials submitted by covered facilities (e.g., hazard evaluations, safety plans,
      emergency response plans);*
   2. *The reviews conducted by program staff and the modifications triggered by those
      reviews;*
   3. *Records of audits and incident investigations conducted by the program;*
   4. *Performance indicator reports and data submitted by the facilities, and;*
   5. *Other relevant information concerning the hazards and the control methods overseen
      by the program.*

h.  *Ensure that the program will require a periodic review of the designated agency activities
    and issue a periodic public report of its activities and recommended action items*



### west virginia department of environmental protection

Executive Office
601 57th Street SE
Charleston, WV 25304
Phone: (304) 926-0440
Fax:    (304) 926-0446

Earl Ray Tomblin, Governor
Randy C. Huffman, Cabinet Secretary
www.dep.wv.gov

February 22, 2011

The Honorable Rafael Moure-Eraso
Chairman, U.S. Chemical Safety & Hazard Investigation Board
2175 K Street, NW - Suite 650
Washington, DC 20037-1809

Dear Dr. Moure-Eraso:                              Re: 2008-08-I-WV-R7

I have received you letter dated February 4, 2011 forwarding the investigation report titled
"Pesticide Chemical Runaway Reaction Pressure Vessel Explosion." I have assigned Michael
Dorsey of my staff to be the Department of Environmental Protection's point of contact for this
undertaking. He will present the West Virginia Department of Environmental Protection's
official response within the 60-day time frame that you request.

Mr. Dorsey can be reached through any of the normal media by the information shown below:

> H. Michael Dorsey, Chief
> Homeland Security and Emergency Response
> West Virginia Department of Environmental Protection
> 601 57th St. SE
> Charleston, WV 25305
> 304-926-0499 ext. 1278
> Mike.H.Dorsey@wv.gov

Should you have questions or need additional information, please do not hesitate to contact me.

Sincerely,

Randy C. Huffman
Cabinet Secretary

RCH/gc

Promoting a healthy environment.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**MAYA NYE, ET AL.,**

      **Plaintiff,**

v.                                          **Civil Action No. 2:11-cv-00087**

**BAYER CROPSCIENCE, L.P.,**

      **Defendant.**


## CERTIFICATE OF SERVICE

The undersigned certifies that on March 14, 2011, I electronically filed the **"NON-PARTY OBJECTION AND MOTION TO QUASH SUBPOENAS"** with the Clerk of Court using the CM/EMF system which will send notification of such filing to the following CM/ECF participants:

**William V. DePaulo, Esquire**
Suite 232
179 Summers Street
Charleston, WV 25301-2163
Email: william.depaulo@gmail.com
*Counsel for Plaintiff*

**A. L. Emch, Esquire**
JACKSON KELLY
P. O. Box 553
Charleston, WV 25322-0553
304/340-1000
Fax: 304/340-1050
Email: aemch@jacksonkelly.com
*Counsel for Defendant*

**Michael M. Fisher, Esquire**
JACKSON KELLY
P. O. Box 553
Charleston, WV 25322-0553
304/340-1000
Fax: 304/340-1051
Email: mmfisher@jacksonkelly.com
*Counsel for Defendant*

/s/ Judith P. Thomas, Esquire