### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MAYA NYE, et al.,

          Plaintiffs,

v.                                       CIVIL ACTION NO. 2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

          Defendant.

### ORDER

As the parties are no doubt aware, "there is a common law as well as a constitutional right to have court records made public. Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-Am. Discovery Gp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). I intend to conduct the preliminary injunction hearing in this case with due regard to the bedrock principle that the judicial process and the records submitted to the court in connection with that process are presumptively open to the public. Nevertheless, I expect issues to arise at the hearing over whether certain evidentiary materials–especially concerning potential vulnerabilities of the Institute facility–should be made fully available for public inspection. In anticipation of these issues, I **ORDER** that the parties meet and confer regarding the appropriateness of any redaction of evidentiary materials they expect to enter into evidence at the hearing. The parties are further directed to submit to the court, under seal, by **Friday, March 18, 2011 at 12:00 p.m.**, a joint memorandum outlining each proposed redaction. To the extent that there is any disagreement, the party proposing the redaction is directed to submit

a memorandum in support of its assertion, and the party opposing the redaction is directed to submit a memorandum in support of its opposition. Each such memorandum should contain (1) the controlling legal standard the party believes applicable to the redaction (either under common law or under the First Amendment); (2) the reason(s) that the presumption of public access should or should not apply to the specific information at issue; and (3) if applicable, the extent to which the proposed redaction is narrowly tailored to the interest supporting the redaction. These memoranda should also be submitted, under seal, by **Friday, March 18, 2011 at 12:00 p.m.** The parties should take note of the Fourth Circuit's strong support for the general presumption for public access to court documents, and requests for redaction should be tailored accordingly. The parties should further contemplate that *any* redactions will necessarily impact the specificity with which direct and cross-examination of witnesses testifying about the redacted information may be carried out at the evidentiary hearing.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 15, 2011

Joseph R. Goodwin, Chief Judge