# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MAYA NYE, et al.,

                          Plaintiffs,

v.                                                    CIVIL ACTION NO.  2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

                          Defendant.


### ORDER

Pending before the court is the plaintiffs' Motion to Disqualify M. Sam Mannan as Expert Witness and to Strike Report [Docket 89].  The plaintiffs have requested that this court "enter an Order disqualifying M. Sam Mannan, PE, CSP, from serving as a court-appointed expert witness. . . because of repeated, ex parte [sic] contacts with Defendant Bayer CropScience, L.P. in violation of the rules applicable to special masters and this Court's order of appointment."  (Plfs.' Mot. Disqualify, at 1.)  The plaintiffs specifically object to Dr. Mannan's alleged incorporation into his own expert report analysis and conclusions out of a report prepared by a David Moore, "an expert witness engaged by Counsel for Bayer."  (Id.)

First, the 'rules applicable to special masters' have no bearing on this motion, because Dr. Mannan was appointed under Federal Rule of Evidence 706 as a court-appointed expert, not as a special master.  (See Ord. [Docket 63], at 1 ("At the court's request, the parties jointly submitted to the court nominations of expert witnesses to be appointed *pursuant to Federal Rule of Evidence 706.* After careful review, and with the consent of the expert, the court accepts the parties' jointly

submitted nominee, and does hereby **APPOINT** Dr. M. Sam Mannan, PE, CSP, to serve as a *court-appointed expert* in the instant matter.") (emphasis added)).  The court further made clear that Dr. Mannan was to inspect *any* documents and perform any inspections or investigations that he deemed necessary to carry out the court's requests.  (Id., at 1-2 (emphasis added).)  As contemplated by the Order and by Federal Rule of Evidence 706, each party had the opportunity to depose Dr. Mannan, and "inquire as to any contact or conversation Dr. Mannan has had with employees of the defendant corporation or with the plaintiffs and. . .examine him about the documents he has reviewed in the course of his investigation." (Id., at 2.)  Dr. Mannan's deposition testimony, as well as the testimony he was to provide at the evidentiary hearing in this matter, is subject to cross-examination by each party.  (Id.)

    The plaintiffs have presented *no* evidence that would persuade this court to "disqualify" Dr. Mannan's testimony entirely (nor do the standards they attempt to invoke even apply to Dr. Mannan).  Accordingly, the plaintiffs' Motion to Disqualify M. Sam Mannan as Expert Witness and to Strike Report [Docket 89] is hereby **DENIED**.

    The plaintiffs' motion further alleges that Bayer had "grossly inappropriate communications with [the expert]" in violation of this court's Order.[1] (Mem. Supp. Plfs.' Mot. Disqualify ¶ 32.) This allegation is apparently based on Bayer's provision of Mr. Moore's report to Dr. Mannan.  There is no evidence that the defendant or Dr. Mannan made any attempt to conceal the nature of their communications, or that those communications were in any way inappropriate or violated the court's

---

[1]The motion actually alleges that Bayer had grossly inappropriate communications with Bayer; the court assumes that the plaintiffs intended to allege that Bayer's communications with Dr. Mannan were inappropriate, as they also concede that there is *no evidence* of intentional misconduct on the part of Dr. Mannan.

Order.  Quite the opposite, Dr. Mannan identified the "Draft - Bayer Institute MIC: water modeling" document in his report (*see* Appx. C to Expert Report, "List of Documents Reviewed," attached as Ex. E to Def.'s Resp. Opp. Plfs.' Mot. Disqualify, at 5.) and Bayer identified the document as a part of its discovery production to the plaintiffs (*see* Ex. A to Plfs.' Mot. Disqualify, at 1.).  Dr. Mannan did not, as the plaintiffs allege, "concede he did not understand the basis for his assumptions," but rather, it appears from his deposition testimony, indicated the origin of the sources he used to compile his report.  (*See* Mem. Supp. Plfs.' Mot. Disqualify, at 11-12.)

Moreover, as announced in open court, the preliminary injunction evidentiary hearing scheduled for Monday, March 21, 2011 at 9:00 a.m. is hereby canceled, and all witnesses are excused from appearing.  The court hearing rescheduled for **Monday, March 21, 2011 at 10:30 a.m.** by earlier order will be a status conference under Rule 16.3 of the Local Rules of Civil Procedure.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       March 18, 2011

Joseph R. Goodwin, Chief Judge