IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

WARNE FERGUSON,
       **Plaintiff,**

v.
                                 **Civil Action No. 2:11-CV-00087**
                                 **Judge Joseph R. Goodwin**

BAYER CROPSCIENCE, L.P.,
       **Defendant.**

## DEFENDANT BAYER CROPSCIENCE, L.P.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

        Defendant Bayer CropScience, L.P. (hereinafter "BCS") submits this Memorandum in Support of its Motion to Dismiss or in the alternative for Summary Judgment. The Second Amended Complaint, which seeks damages for wrongful death, is barred because it was filed beyond the applicable two year statute of limitations. No applicable tolling doctrine applies to excuse the late filing. Accordingly, the Second Amended Complaint should be dismissed.

### STATEMENT OF FACTS

        This action was originally instituted by Warne Ferguson, along with fifteen (15) other plaintiffs on February 8, 2011. Alleging a continuing nuisance caused by the "resumption and/or continuing operation of the Bayer MIC production facility at Institute, West Virginia," (*See* Complaint, 2:11-CV-00087 Docket No. 1, at ¶ 25), the plaintiffs sought a Temporary Restraining Order to prohibit BCS from restarting the unit. Much of the complaint focused upon an incident which occurred at the Institute Plant on August 28, 2008, when there was an explosion in the methomyl unit. (*See* Complaint ¶¶ 7-17).

        On February 10, 2011 this Court granted a Temporary Restraining Order, (*See* Order, 2:11-CV-00087 Docket No. 16). On February 14, 2011, the plaintiffs filed a Motion for

Preliminary Injunction,[1] (*See* 2:11-CV-00087 Docket Nos. 34, 35), and an Amended Complaint which added personal injury and property damage claims and sought medical monitoring. (*See* 2:11-CV-00087 Docket No. 37). Mr. Ferguson did not assert a wrongful death claim in either the original or amended complaint. (*See* 2:11-CV-00087 Docket Nos. 1, 37).

In preparation for the hearing on the Preliminary Injunction, the parties engaged in discovery. On March 11, 2011, Mr. Ferguson was deposed and testified about the August 28, 2008 methomyl unit incident:

> Q.    Tell me about the night of August 28, 2008.
>
> A.    I'll never forget it as long as I live . . . The only thing I can say is, I thought a truck, a tractor trailer had run into the end of my house. You come into my house, I live almost in a circle, or a semicircle. And once you turn that corner, I thought probably this truck had gotten loose from the driver.
>
> And my living room is on the north end of my house. And my wife was sitting here and I'm sitting here. And we were looking at something that we were both dedicated to on television. I don't know what it was. I think it might have been Obama speaking or something. I don't know.
>
> It literally almost knocked us off the couch. And that's it. It scared me to death, scared my wife . . . .

(March 11, 2011 Deposition of Warne Ferguson, attached as Ex. A, at 25:18-26:15). Mr. Ferguson testified that both he and his wife believed the August 28, 2008 methomyl unit ultimately caused her death:

> Q.    [P]laintiff's response to Interrogatory No. 2 concerning what testimony you might provide at the hearing... [stated] ... Mr. Ferguson ... will also testify that he believes his wife's death after August 28, 2008 was a result of the explosion on that night.
>
> Why do you believe that your wife's death was a result of [sic] explosion that night?

---

[1] A hearing was set for the preliminary injunction motion on February 24, 2010 and was later extended to March 21, 2011 at the request of all parties involved.

A.    I'll tell you what she told me, getting back to trying to evacuate, she would never evacuate. I mean, she was just tired of it. She said, No, I'm just going to sit it out.

So we would put wet rags and stuff all up under the windows and the doors and all this stuff. I got my young ones out of there. <u>And I had, at that time, during this time that you're talking about, she said about three days later, she said, I'm going to tell you something, Warne. I believe that, that blast that they had the other night has really affected me.</u>

<u>And she was a pretty strong old gal. She said, It's affected my breathing. And she had never said anything to me about that before, and I said, Oh, it's all in your mind. I'm really trying to feel her out.</u>

<u>And she said, No. She said, It's really affected my breathing. A few days later she's out of here. Yeah. Or a week or so or whatever, couldn't have been too long. That was in '08, right? August the 28th. She left here in October, '08.</u>

<u>So I had insisted on them tearing her body up, trying to find out what's what, if anything. But that's what she said to me, and I believe her. She was a bright woman.</u>

(Ferguson Depo, 32:13-34:2) (emphasis added).

At the March 18, 2011 hearing, BCS informed the Court it did not intend to restart the MIC unit and this court denied the motion for preliminary injunction as moot.  (*See* March 18, 2011 Order, 2:11-CV-00087 Docket No. 100).

At the March 21, 2011 status conference, this Court granted plaintiffs ten (10) days to file a Second Amended Complaint, (*See* March 21, 2011 District Judge Daybook Entry, 2:11-CV-00087 Docket No. 101), and later entered an Agreed Order extending the deadline to April 20, 2011 with BCS having until May 10, 2011 to respond. (*See* March 29, 2011 Order, 2:11-CV-00087 Docket No. 103).

On April 20, 2011, all of the plaintiffs except Mr. Ferguson filed Notices of Dismissal Without Prejudice of their potential claims against BCS. (*See* April 20, 2011 Notice, 2:11-CV-00087 Docket No. 105). Mr. Ferguson filed a Second Amended Complaint asserting

for the first time a claim for the wrongful death of his wife, Gail Marie Ferguson. (*See* Second Amended Complaint, 2:11-CV-00087 Docket No. 110). The Second Amended Complaint alleges "[t]he continuing negligent, grossly negligent and reckless operation of the Bayer chemical facility at Institute, West Virginia constituted a continuing nuisance which deprived Gail Marie Ferguson of enjoyment of her property, and a continuing tort of negligence which proximately caused her death on October 11, 2008." (*See* Second Amended Complaint, ¶ 22). The Complaint does not assert any claims for injury to Mr. Ferguson.

As shown below, the wrongful death claims asserted in the Second Amended Complaint are barred by the applicable statutes of limitations.

## I. PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted where the court, accepting the allegations in the complaint as true, concludes they do not allow recovery. *Hospital Building Co. v. Rex Hospital Trustees,* 425 U.S. 738, 746 (1976); *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994); *Waterford v. Citizens' Assoc. v. Reilly,* 970 F.2d 1287, 1290 (4th Cir. 1992). Rule 12(b)(6) motions can be granted where it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991), quoting *Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir. 1983).

Importantly, under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) "requires a showing," rather than a blanket assertion, of entitlement to relief, and a complaint must plead

4

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, __ U.S.__, 129 S. Ct. 1937, 1949 (2009). Pleadings must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Flanagan v. Anne Arundel County*, 593 F. Supp. 2d 803, 808 (D. Md. 2009) citing *Twombly*, 127 S.Ct. at 1965; *accord Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir.2008); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949, "Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes").

Here, when the allegations in the complaint are accepted as true, they lead to the inescapable conclusion that the Plaintiff's wrongful death claim is barred by the statute of limitations.

### B.   Argument

The statute of limitations for the Plaintiff's wrongful death claim in West Virginia is two (2) years. W. Va. Code § 55-7-6(d) states that "[e]very [wrongful death] be commenced within two years after the death of such deceased person . . . ." This period expired on October 11, 2010, two (2) years after the date of Mrs. Ferguson's death on October 11, 2008.

To determine whether a cause of action is time barred by the applicable statute of limitations in West Virginia, courts apply the five-step analysis set forth in *Dunn v. Rockwell*:

> A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199

5

> W.Va. 706, 487 S.E.2d 901 (1997). <u>Fourth</u>, if the plaintiff is not
> entitled to the benefit of the discovery rule, then determine whether
> the defendant fraudulently concealed facts that prevented the
> plaintiff from discovering or pursuing the cause of action.
> Whenever a plaintiff is able to show that the defendant
> fraudulently concealed facts which prevented the plaintiff from
> discovering or pursuing the potential cause of action, the statute of
> limitation is tolled. And <u>fifth</u>, the court or the jury should
> determine if the statute of limitation period was arrested by some
> other tolling doctrine. Only the first step is purely a question of
> law; the resolution of steps two through five will generally involve
> questions of material fact that will need to be resolved by the trier
> of fact.

Syl. Pt. 5, *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009) (emphasis added). While

*Dunn* suggests steps two through five "generally" present questions of fact, the Court affirmed

dismissal of one of the parties in *Dunn*, and plaintiff's claims in *Mack-Evans*, 700 S.E.2d at 320.

Motions to dismiss or for summary judgment based on the statute of limitations can, therefore,

be granted where appropriate.

Here the complaint alleges "[t]he toxins released by Bayer CropScience and

ingested by Gail Marie Ferguson before and on August 28, 2008, were the proximate cause of

her death on October 11, 2008." (Second Amended Complaint, ¶ 20(e)). Under steps one and

two of *Dunn*, the two-year statute of limitations for the Plaintiff's wrongful death cause of action

began to run on October 11, 2008, the date of Mrs. Ferguson's death, and expired two years later

on October 11, 2010.

The Second Amended Complaint does not contain any allegations supporting the

application of the discovery rule, or any facts demonstrating Mr. Ferguson did not know of a

potential cause of action at the time of his wife's death. The bald assertion that "Bayer has

admitted that it intentionally, and in bad faith, obstructed the efforts of public officials charged

with the safety of Kanawha County citizens to understand the threats facing them after an

incident at the plant, or even the existence of such threats at the moment of greatest vulnerability,

through a deliberate pattern and practice of concealing vital information from the public and from the plant's closest neighbors," (Second Amended Complaint, ¶ 15), says nothing about preventing Mr. Ferguson from knowledge of a potential claim given the detail with which the August 28, 2008 incident is described. (Complaint at ¶¶ 7-17). Under *Iqbal* and *Twombly,* the Second Amended Complaint simply does not contain enough to support reliance on the discovery rule or fraudulent concealment that prevented the Plaintiff from discovering or pursuing any cause of action. The Complaint references a "<u>continuing</u> tort of negligence which proximately caused [Mrs. Ferguson's] death on October 11, 2008." However, when considering the statute of limitations – which begins to run on the date of death – the "continuing" nature of the tort has no bearing. Indeed, the Second Amended Complaint acknowledges that the alleged wrongful acts occurred prior to Mrs. Ferguson's death. (*See* Second Amended Complaint, ¶ 20(e)).

Under *Dunn*, the statute of limitations for the wrongful death claim as alleged on the face of the Second Amended Complaint began to run on October 11, 2008 and expired on October 11, 2010. The Plaintiff filed this Second Amended Complaint on April 20, 2011, over six (6) months after the statute of limitations expired. Even viewing the facts as true, Mr. Ferguson can prove no set of facts in support of his wrongful death claim which would entitle him to relief – his claim is barred.

Similarly, to the extent that Mr. Ferguson attempts to bring a survival action under a nuisance theory, which BCS asserts under *Iqbal* and *Twombly* is insufficiently pled, the result is the same – the statute of limitations began to run on the date of Mrs. Ferguson's death, October 11, 2008, and expired on October 11, 2010 – his claim is barred.

## I.     IN THE ALTERNATIVE, SUMMARY JUDGMENT SHOULD BE GRANTED

BCS believes the Plaintiff's Second Amended Complaint does not meet the Rule

12(b)(6) threshold. However, if the Court goes beyond the complaint and considers Mr. Ferguson's deposition testimony, it is abundantly clear the wrongful death claim is barred.

### A.    Legal Standard for Rule 56 Motion for Summary Judgment

Where the Court considers matters outside the pleadings, a motion under Rule 12 must be treated as one for summary judgment. Fed. R. Civ. Pro. 12(d). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. (2009).

### B.    Argument

Mr. Ferguson's testimony demonstrates there are no genuine issues of material fact with respect to the application of the statute of limitations. Under *Dunn v. Rockwell,* 225 W.Va. 43, 689 S.E.2d 255 (2009), his Complaint is time barred: 1) the applicable statute of limitation is two (2) years; 2) the requisite elements of the wrongful death action occurred on or before Mrs. Ferguson's death on October 11, 2008; 3) Mr. Ferguson knew before October 11, 2008 the elements of a possible cause of action, based on the facts alleged in the Second Amended Complaint and his deposition testimony; 4) there is no claim that BCS fraudulently concealed facts that prevented Mr. Ferguson from discovering or pursuing his causes of action; and 5) no other tolling doctrine applies.

#### 1.    The Complaint is Barred by the Statute of Limitations

W. Va. Code § 55-7-6(d), states that "[e]very [wrongful death] action shall be commenced within two years after the death of such deceased person . . . ." The Plaintiff conceded in deposition he was aware the August 28, 2008 incident caused or was related to her death on October 11, 2008. The statute of limitations therefore ran two years later on October 11,

2010. Since the Complaint alleging wrongful death was not filed until April 20, 2011, it is time barred.

### 2.   The "Discovery Rule" Does Not Apply

In West Virginia, the discovery rule generally applies to wrongful death claims. *See* Syl. Pt. 7, *Bradshaw v. Soulsby,* 210 W.Va. 682, 558 S.E.2d 681 (2001). "In a wrongful death action, under the discovery rule, the statute of limitation contained in W. Va. Code, 55-7-6(d) [1992] begins to run when the decedent's representative knows or by the exercise of reasonable diligence should know (1) that the decedent has died; (2) that the death was the result of a wrongful act, neglect, or default; (3) the identity of the person or entity who owed the decedent a duty to act with due care and who may have engaged in conduct that breached that duty; and (4) that the wrongful act, neglect or default of that person or entity has a causal relation to the decedent's death." Syl. Pt. 4, *Mack-Evans v. Hilltop Healthcare Center, Inc.*, 226 W.Va. 257, 700 S.E.2d 317 (2010) quoting Syl. Pt. 8, *Bradshaw v. Soulsby,* 210 W.Va. 682, 558 S.E.2d 681 (2001).

In *Mack-Evans*, a personal representative of a patient's estate brought a wrongful death action and personal injury claims against a hospital responsible for the patient's care. *Mack-Evans*, 700 S.E.2d at 320.   The patient had surgery on January 29, 2004 and was immediately visited thereafter by her daughter, who, after talking with hospital personnel, contacted a lawyer within days "because she believed someone at the Hospital did something wrong in treating her mother." *Id.*[2]   The patient died on August 9, 2004 and the statute of limitations ran on August 9, 2006. The daughter, as Representative of the Estate, mailed a Notice of Claim to the hospital on August 16, 2006, a Certificate of Merit on October 12, 2006, and filed a complaint on November 17, 2006. *Id.* The hospital moved for summary judgment

---

[2] The patient's daughter was told by the lawyer that "'there's nothing you can do unless your mom were to die.'" *Id.*

because the claims were time barred by the two year statute of limitations. *Id.* The daughter argued she "could not have known that [the Hospital's] negligence caused or contributed to her mother's death until she was appointed Administrator of her mother's estate on August 20, 2004 [,] and had access to her mother's medical records." *Id.* at 323.

The circuit court granted summary judgment because it found: 1) the statute of limitations began to run on the date of the patient's death, August 9, 2004, and expired on August 9, 2006; 2) the personal representative did not mail the Notice of Claim until August 16, 2006; and 3) the discovery rule did not toll the statute of limitations. *Id.* at 320, 321-322.

On appeal, the Supreme Court of Appeals of West Virgiia affirmed the circuit court's order finding the complaint was barred by the statute of limitations. *Id.* at 324. Critical to the Court's reasoning was the plaintiff's concession that at the time of her mother's death, she believed the hospital had done something wrong: "At the time of [the patient]'s death, [the personal representative] had reasonable cause to believe that conduct by the Hospital may have caused [the patient]'s death."[3] In deposition, the plaintiff testified that immediately following the patient's surgery, she "knew something was wrong" and she thought that the hospital had done something wrong. *Id.* at 323.

This case is just like *Mack-Evans*. Mr. Ferguson's deposition testimony shows that three days after the August 28, 2008 incident, he and his wife believed it had affected her health. (*See* Ferguson Depo, 33:9-11) ("I'm going to tell you something, Warne. I believe that, that blast that they had the other night has really affected me.") In fact, Mr. Ferguson stated he had an autopsy performed because they believed the incident caused her health to turn for the

---

[3] *Id.* citing *Legg v. Rashid,* 222 W.Va. 169, 175-76, 663 S.E.2d 623, 629-30 (2008) ("[W]e explained that 'once a [plaintiff] is aware, or should reasonably have become aware, that medical treatment by a particular party has caused [harm], th[e] statute begins.' We further recognized that 'in some circumstances causal relationships are so well established that we cannot excuse a plaintiff who pleads ignorance.' Also, ... we explained that 'the statute of limitations will begin to run once the extraordinary result is known to the plaintiff even though he may not be aware of the precise act of malpractice.'" (quoting *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997))).

worse. (*See* Ferguson Depo, 33:23-24) ("So I had insisted on them tearing her body up, trying to find out what's what, if anything. But that's what she said to me, and I believe her."). As in *Mack-Evans*, Mr. Ferguson "knew something was wrong" or believed that BCS somehow caused his wife's death *at the time of her death*. The statute of limitations began to run on the date of his wife's death and expired on October 11, 2010. This complaint therefore is barred. Similarly, for a survival action under a nuisance theory, the result is the same. The statute of limitations began to run on the date of Mrs. Ferguson's death, October 11, 2008, and expired on October 11, 2010; thus, the claim is barred.

## PRAYER FOR RELIEF

For the reasons above, BCS respectfully requests that this Court find that the Plaintiff's claims are time barred and subject to dismissal, or in the alternative, as there are no genuine issues of material fact regarding the expiration of the statue of limitations, grant BCS's Motion for Summary Judgment.

**BAYER CROPSCIENCE, L.P.**
By Counsel

/s/   Thomas J. Hurney, Jr., Esquire
Alvin L. Emch, Esquire (WVSB # 1125)
Thomas J. Hurney, Jr., Esquire (WVSB # 1833)
Michael M. Fisher, Esquire (WVSB # 4353)
Ryan E. Voelker, Esquire (WVSB # 11159)
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P. O. Box 553
Charleston, WV 25322
(304) 340-1000
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

WARNE FERGUSON,
      Plaintiff,

v.                                Civil Action No. 2:11-CV-00087
                                      Judge Joseph R. Goodwin

BAYER CROPSCIENCE, L.P.,
      Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of May 2011 a true and correct copy of *Defendant Bayer CropScience, L.P.'s Memorandum in Support of Motion to Dismiss or In The Alternative, For Summary Judgment* was sent via electronic mail to plaintiffs' counsel.

                william.depaulo@gmail.com
                William V. DePaulo, Esquire (WVSB #995)
                179 Summer Street
                Suite 232
                Charleston, WV 25301
                *Counsel for Plaintiffs*

                            /s/ Thomas J. Hurney, Jr.
                            Alvin L. Emch, Esquire (WVSB # 1125)
                            Thomas J. Hurney, Jr., Esquire (WVSB # 1833)
                            Michael M. Fisher, Esquire (WVSB # 4353)
                            Ryan E. Voelker, Esquire (WVSB # 11159)
                            JACKSON KELLY PLLC
                            500 Lee Street, East, Suite 1000
                            P. O. Box 553
                            Charleston, WV  25322
                            (304) 340-1000