## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

WAYNE FERGUSON,

                    Plaintiff,

v.                                    CIVIL ACTION NO.  2:11-cv-00087

BAYER CROPSCIENCE, L.P.,

                    Defendant.

### MEMORANDUM OPINION & ORDER

Pending before the court is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, by the defendant, Bayer CropScience, L.P. ("BCS") [Docket 111].   For the reasons set forth below, the court **GRANTS** the defendant's Motion for Summary Judgment.

I.      **Background**

      A.    *Facts*

The defendant runs a chemical facility in Institute, West Virginia and formerly operated a methyl isocynate ("MIC") unit at the plant.  On August 28, 2008, an explosion at the chemical facility was felt throughout the region.  The explosion caused "windows to break in a 7 mile radius" and resulted in "an intense fire that burned for more than four hours sending flames 200 hundred feet in the air."  (Second Am. Compl. [Docket 110], at 2.)  One plant employee was killed immediately and a second employee died forty-one days later from injuries obtained in the incident.  The explosion prompted reviews by government agencies, including the United States

Chemical Safety Board ("CSB") and the House Committee on Energy and Commerce, Subcommittee on Oversight and Investigations.

The plaintiff, Mr. Ferguson, lives near the plant, and the plaintiff's wife, Gail Marie Ferguson, was at their house on August 28, 2008, when the explosion occurred. (*Id.* at 7 ¶ 19.) Mrs. Ferguson began having difficulty breathing approximately three days after the explosion, and she died on October 11, 2008. (Def.'s Mem. in Support of Mot. to Dismiss or Summ. J. [Docket 112], at 3, 5.) After Mrs. Ferguson's death, the plaintiff had an autopsy performed on Mrs. Ferguson because he believed that the explosion at the chemical facility had damaged her health. (Def.'s Mot. to Dismiss or Summ. J. [Docket 111-1], at Ex. A, p. 33 ¶¶ 17-24.)

B.  *Procedural History*

This case was originally filed by the plaintiff, Mr. Ferguson, and fifteen others on February 8, 2011. The original action requested a temporary restraining order prohibiting the defendant from restarting the MIC unit at the chemical facility in Institute. (Compl. [Docket 1], at 13 ¶ 25.) The temporary restraining order was granted by the court on February 10, 2011 [Docket 16], and the original plaintiffs amended their Complaint to include personal injury and property damage claims and to request medical monitoring. (Def.'s Mem. in Support of Mot. to Dismiss or Mot. Summ. J. [Docket 112], at 2.) On March 18, 2011, this court denied the original plaintiffs' request for preliminary injunction because BCS revealed that it did not plan to restart the MIC unit. (*Id.* at 3.) After the denial of the motion for preliminary injunction, each plaintiff, with the exception of Mr. Ferguson, dismissed their claims against the defendant without prejudice. (*Id.*)

On April 20, 2011, the plaintiff filed a Second Amended Complaint, bringing a wrongful death claim against the defendant for his wife's death.  (Second Am. Compl. [Docket 110].)  The defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on May 11, 2011 (Def.'s Mot. to Dismiss or Mot. Summ. J. [Docket 111].)  The motion is now ripe for review.

## II.    Summary Judgment Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor."  *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to

preclude the granting of a summary judgment motion.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III.   Analysis

The defendant asserts that the statute of limitations bars the plaintiff's wrongful death claim.  In contrast, the plaintiff claims that the statute of limitations on his wrongful death claim did not begin to accrue until April 23, 2009, the time at which the plaintiff asserts that he learned of the defendant's "negligent operation of the Institute chemical plant" in a public hearing.  (Pl.'s Resp. to Def.'s Mot. to Dismiss or Mot. for Summ. J. [Docket 115], at 1 ¶ 1.)  The plaintiff filed his Second Amended Complaint, asserting the wrongful death claim, on April 20, 2011.  Thus, the plaintiff argues that his wrongful death claim was filed three days before the claim was barred by the statute of limitations.

In West Virginia, the statute of limitations for a wrongful death claim is two years, running from the date of the deceased's death.  W. Va. Code § 55-7-6(d).  However, the discovery rule may toll the running of the statute of limitations.  *Mack-Evans v. Hilltop Healthcare Ctr., Inc.*, 226 W. Va. 257, 262 (2010); *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 711-12 (1997).  Under the discovery rule:

> the statute of limitations begins to run when the decedent's representative knows or by the exercise of reasonable diligence should know (1) that the decedent has died; (2) that the death was the result of a wrongful act, neglect, or default; (3) the identity of the person or entity who owed the decedent a duty to act with due care and who may have engaged in conduct that breached that duty; and (4) that the wrongful act, neglect, or default of that person or entity has a causal relation to the decedent's death.

*Mack-Evans*, 226 W. Va. 257, 263 (2010).

In this case, the plaintiff knew of his wife's death on October 11, 2008.  The plaintiff also knew BCS's identity and that BCS operated the chemical facility in Institute, West Virginia. Additionally, in his deposition, the plaintiff admits that he and his wife believed that her respiratory problems after the explosion were the result of the incident at the chemical facility. *See id.* at 33, ¶¶ 9-22 (stating that Mrs. Ferguson told him that "that blast that they had the other night has really affected me" and revealing that Mrs. Ferguson told him on a later date that "[i]t's really affected my breathing").  The plaintiff went so far as to request that an autopsy be performed on his wife to determine whether her death was causally related to the explosion. Thus, on October 11, 2008, the plaintiff knew that "the decedent [had] died," "the identity of the person or entity who owed the decedent a duty to act with due care," and that the entity's actions may have a "causal relation to the decedent's death."  *See Mack-Evans*, 226 W. Va. 257, 263 (2010).

The plaintiff claims that, before April 23, 2009, he was unaware of Bayer's alleged negligence in operating the chemical plant.  The explosion at the chemical facility on August 28, 2008, was a traumatic event for the plaintiff and his wife.  *See* Def's Mot. to Dismiss or Mot. Summ. J. [Docket 111-1], at Ex. A, p. 26, ¶¶ 12-15 ("It literally almost knocked us off of the couch. . . .  It scared me to death, scared my wife.").  Some events and occurrences are enough to put a plaintiff on notice that he or she has a possible cause of action.

The discovery rule applies to wrongful death actions; however, its application does not eliminate a plaintiff's "affirmative duty . . . to discover or make inquiry to discern additional facts about his injury when placed on notice of the possibility of wrongdoing." *McCoy v. Miller*, 213 W. Va. 161, 165 (2003).  The Supreme Court of Appeals of West Virginia has stated that

"[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach." *Id*. When "an injury or wrong occurs of such a character that a plaintiff cannot reasonably claim ignorance of the existence of a cause of action," the plaintiff bears the burden of proving that it is entitled to benefit from the discovery rule. *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 712 (1997). Uncommon occurrences put the plaintiff on notice of the possibility of negligence.

The August 28, 2008, explosion was not a common occurrence. Notably, the explosion was intense and involved the shattering of windows that were within a seven mile radius of the blast. In his deposition testimony, the plaintiff describes the blast as so strong that initially he believed that "a truck, a tractor trailer had run into the end of [his] house." (Def's Mot. to Dismiss or Mot. Summ. J. [Docket 111-1], at Ex. A, p. 25-26, ¶¶ 24, 1-5.) The severity of the explosion combined with Mrs. Ferguson's subsequent respiratory problems and death would put a reasonable person on notice that he or she might have a cause of action. *See* Def's Mot. to Dismiss or Mot. Summ. J. [Docket 111-1], at Ex. A, p. 33, ¶¶ 9-11 (testifying that Mrs. Ferguson told him that "that blast that they had the other night has really affected me"). Additionally, the CSB conducted an investigation after the October 11, 2009 incident and the House Committee on Energy and Commerce, Subcommittee on Oversight and Investigations held a hearing on the explosion on April 21, 2009. (Second Am. Compl. [Docket 110], at 6 ¶ 5.) However, the plaintiff failed to take any steps to fulfill his affirmative duty to "fully investigate the facts surrounding that potential breach." *See McCoy v. Miller*, 213 W. Va. 161, 165 (2003).

There is no genuine issue of material fact regarding whether a reasonable person would be on notice of the possibility of wrongdoing in light of the explosion, Mrs. Ferguson's respiratory problems, and the plaintiff's request for an autopsy of Mrs. Ferguson's body. Additionally, there is no genuine issue of material fact that the plaintiff failed to present evidence that he affirmatively investigated the incident to determine whether the explosion was the result of a "wrongful act, neglect, or default." *See Mack-Evans,* 226 W. Va. 257, 263 (2010). Because the plaintiff failed to take steps to investigate the incident, the plaintiff is not entitled to the benefit of the discovery rule. *See McCoy*, 213 W. Va. at 165 (2003).

Thus, the court **FINDS** that the statute of limitations began to run on October 11, 2008, the date of Mrs. Ferguson's death, as required by W. Va. Code § 55-7-6(d). Because the statute of limitations began running on October 11, 2008 and the statute of limitations for wrongful death claims is two years, the plaintiff's claim would be barred by the statute of limitations after October 11, 2010. In this case, the plaintiff filed its Second Amended Complaint containing the wrongful death claim on April 20, 2011, which is after the statute of limitations barred the claim. Accordingly, the court **GRANTS** the defendant's Motion for Summary Judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          September 26, 2011

Joseph R. Goodwin, Chief Judge

- 7 -