**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-2048**

---

WARNE FERGUSON,

    Plaintiff – Appellant,

    and

MAYA NYE; LISA BRAGG; SUE DAVIS; REGINA HENDRIX; MILDRED HOLT; JIM LEWIS; BEVERLY STEENSTRA; ROBIN BLAKEMAN; PAULA CLENDENIN; SARAH ELLIOTT; JAMES R. MITCHELL; DENISE GIARDINA; MIKE HARMAN; DONNA WILLIS; KATHERINE SUE DAVIS; BARBARA FRIERSON, current and former citizens of, and workers in, Kanawha County, West Virginia,

    Plaintiffs,

    v.

BAYER CROPSCIENCE LP, a for-profit, Delaware limited partnership,

    Defendant - Appellee.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:11-cv-00087)

---

Submitted: February 24, 2012      Decided: March 12, 2012

---

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

William V. DePaulo, Charleston, West Virginia, for Appellant. Alvin L. Emch, Thomas J. Hurney, Jr., Michael M. Fisher, Ryan E. Voelker, JACKSON KELLY, PLLC, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warne Ferguson appeals a district court order granting summary judgment to Bayer Cropscience L.P. ("Bayer"), and dismissing his complaint. Ferguson claimed that his wife's death was caused by an explosion that occurred at Bayer's facility in Institute, West Virginia. We affirm the district court's finding that the complaint was filed outside West Virginia's two year statute of limitations.

We review a district court's order granting summary judgment de novo. The prevailing party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. All reasonable inferences are drawn in favor of the non-moving party. Castillo v. Emergency Med. Assoc., P.A., 372 F.3d 643, 646 (4th Cir. 2004). Federal courts sitting in diversity as in this case apply the state's laws regarding the limitations period. Rowland v. Patterson, 852 F.2d 108, 110 (4th Cir. 1988). In West Virginia, there is a two year statute of limitations for wrongful death actions. See W. Va. Code § 55-7-6(d) (2008).

Under West Virginia law there is a five-step analysis used to determine whether a cause of action has accrued: (1) the court identifies the applicable statute of limitations; (2) the court should identify when the requisite elements of the cause of action occurred; (3) the discovery rule should be used

3

to determine when the limitations period began to run by determining when the plaintiff knew or should have known of the elements of the possible cause of action; (4) if the plaintiff is not entitled to the discovery rule, the court should determine if the defendant fraudulently concealed facts preventing the plaintiff from discovering the cause of action and if so, the limitations period is tolled; (5) the court should determine whether the limitations period has been tolled by some other tolling doctrine. Mack-Evans v. Hilltop Healthcare Ctr., Inc., 700 S.E.2d 317, 322 (W. Va. 2010).

West Virginia's discovery rule applies to wrongful death actions. See Bradshaw v. Soulsby, 558 S.E.2d 681, 688 (W. Va. 2001). Under the discovery rule, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence should know: (1) there is an injury; (2) the identity of the party who owed the injured party a duty to act with due care; and (3) the entity's conduct has a causal relation to the injury. Mack-Evans, 700 S.E.2d at 322. Whether a plaintiff "knows of" or has "discovered" a cause of action is an objective test. The plaintiff is charged with factual knowledge rather than the legal basis for the cause of action. "This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause

4

of action." Dunn v. Rockwell, 689 S.E.2d 255, 265 (W. Va. 2009). Knowledge requires something more than mere apprehension that something might be wrong. Gaither v. City Hosp., Inc., 487 S.E.2d 901, 909 (W. Va. 1997). In order to toll the statute of limitations, it must be reasonable for the plaintiff not to recognize that the injury or condition might be related to the defendant's conduct. Id.

We have reviewed the record and conclude that Ferguson's cause of action accrued when his wife died. His complaint, thus, was filed outside the two year statute of limitations. While it is true that whether Ferguson had the requisite knowledge to trigger the running of the statute of limitations is a question of fact, it is not necessary to submit the issue to a jury if there are undisputed facts from which only one conclusion could be drawn. See Perrine v. E.I. Dupont de Nemours & Co., 694 S.E.2d 815, 852 (W. Va. 2010). Furthermore, it was not necessary for Ferguson to discover facts supporting the finding that Bayer was negligent prior to the running of the statute of limitations. All that is required is that Ferguson was aware or should have been aware that the explosion had a causal effect on his wife's death. See Gaither, 487 S.E.2d at 909. With regard to the issue of intentional concealment on Bayer's part, we conclude that

5

Ferguson was not prevented from discovering or pursuing the cause of action.  See Dunn, 689 S.E.2d at 265.

Accordingly, we affirm for the reasons cited by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED